First Appellate Department, July, 1903. Reported. 86 App. Div. 626.

Patrick W. Cullinan, as State Commissioner of Excise, Respondent, v. Fidelity and Deposit Company of Maryland, Appellant, Impleaded with Criterion Club, Defendant.

Judgment and order affirmed, with costs. No opinion.

---

Supreme Court, New York Special Term. Reported. N. Y. L. J., August 4, 1903.

In the Matter of the Application of Charles H. Weigle to Revoke the Liquor Tax Certificate of Manny A. Renson.

*Charles P. Hallock,* for petitioner.

*Alfred R. Page,* for respondent.

Bischoff, J.: Where a proceeding for the cancellation of a liquor tax certificate is instituted by a citizen, the Liquor Tax Law

(Laws of 1896, chap. 112, § 28, subd. 2) requires that the petition "must have endorsed thereon or attached thereto the written consent of the State Commissioner of Excise that the proceeding be instituted and prosecuted." Attached to the papers before me is a purported consent qualified by several conditions subsequent, and for non-compliance with either of which it is provided that the "consent" shall be deemed annulled. The court is not called upon by the statute to oversee the performance of any condition to the consent. Apparently the commissioner may withhold his consent, but the statute appears to contemplate that the consent, when given, shall definitely authorize the petitioner to proceed, without bringing in an issue as to the performance of an agreement made with the officer. I do not think therefore, that the papers before me comply with the statute, but, if the conditional consent be deemed of any effect, then the consent has failed because of the petitioner's neglect to perform the condition which required that the papers be filed upon the return day rather than on the adjourned day of the hearing. Motion denied with $10 costs, without prejudice to the merits.